UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERI C. BARTRAM, | Case No. 2:26-cv-00160-TLN-CSK (PS) |
| Plaintiff, | |
| v. | ORDER |
| PARKING SERVICES OFFICER (DOE 1), et al., | (ECF No. 20) |
| Defendants. | |

Plaintiff is proceeding in this action pro se. Pending before the Court is Plaintiff's motion for administrative relief requesting that the Court (1) "clarify that [Defendant Parking Services Officer] DOE 1 was not first named in the [First Amended Complaint] and is not subject to any new-summons requirement on that basis"; (2) "clarify, if necessary, which currently named FAC defendants appearing counsel represents"; and (3) order limited discovery to determine the identities of the Doe defendants named in Plaintiff's First Amended Complaint. (ECF No. 20.)[1] No party or former party that has appeared has filed a response. Pursuant to Local Rule 230(g), the Court submits the motion upon the record.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion.

I.    BACKGROUND

Plaintiff initiated this § 1983 civil rights action on December 11, 2025 in Sacramento County Superior Court against the Regents of the University of California, UC Davis Health/UC Davis Medical Center, UC Davis Parking & Transportation Services, and "DOE 1 (Parking Services Officer)." *See* Complaint, Notice of Removal, Exhibit A (ECF No. 1). These defendants removed this action to federal court on January 20, 2026. Notice of Removal (ECF No. 1). On March 18, 2026, Plaintiff filed a First Amended Complaint ("FAC"), naming as defendants "Parking Services Officer (Doe 1)," "Directors/Records Custodian, UC Davis Health Parking & Transportation Services (Doe 2)," and "Parking Hearing Officer/Appeals Decisionmaker (Doe 3)." FAC at 1 (ECF No. 14). Plaintiff brings claims under 42 U.S.C. § 1983 for violation of her rights under the First and Fourteenth Amendments, alleging that Defendants unlawfully enforced a parking citation against her. *See id.*

On April 8, 2026, the Court issued a minute order directing the Regents of the University of California, UC Davis Health/UC Davis-Medical Center, and UC Davis Parking & Transportation Services (collectively, "Dismissed Defendants") to file a response to the FAC by April 10, 2026. 4/8/2026 Minute Order (ECF No. 16). On April 10, 2026, a response was filed by Dismissed Defendants and the Doe Parking Services Officer, stating that because Dismissed Defendants are no longer named in the FAC, which only names Doe defendants, no further response by these entities was required. (ECF No. 17.) Plaintiff responded that counsel for Dismissed Defendants should clarify whether they represent any of the Doe defendants named in the FAC and requested that the Court permit limited discovery for Plaintiff to determine the identities of any unserved Doe defendants. (ECF No. 18.)

On April 17, 2026, the Court issued a minute order ordering Plaintiff to file proof of service as to the newly named defendants in the FAC. 4/17/2026 Order (ECF No. 19).

2

Plaintiff then filed the instant motion for administrative relief (ECF No. 20), requesting that the Court:

> (1) clarify that [Parking Services Officer] DOE 1 was not first named in the FAC and is not subject to any new-summons requirement on that basis; (2) clarify, if necessary, which currently named FAC defendants appearing counsel represents; and (3) if the Court determines that any newly particularized Doe defendant cannot yet be served because the defendant's true identity remains unknown, permit narrowly tailored discovery, compelled disclosure, clarification, or other limited relief sufficient to identify and serve that defendant.

(ECF No. 20 at 2-3.)

## II.    DISCUSSION

The Court addresses Plaintiff's first two requests together. It appears that the Doe defendant referenced in the FAC as "Parking Services Officer (Doe 1)," sued in his or her individual capacity, may be the same individual referenced in the original complaint as "DOE 1 (Parking Services Officer)," sued in both his or her individual and official capacities. *Compare* FAC ¶¶ 8, 17, *with* Complaint at 1, ¶¶ 3, 8 (ECF No. 1). The filings of Dismissed Defendants reflect that "Parking Services Officer (sued as Doe 1)" is represented by counsel for Dismissed Defendants, who have appeared in this action. (*See* ECF No. 1 at 1; ECF No. 9 at 1; ECF No. 17 at 1.) Accordingly, the Court orders counsel for Dismissed Defendants to file a statement indicating whether they continue to represent Doe Parking Services Officer or any Doe defendant referenced in the FAC. Plaintiff is required to serve summons and the FAC upon all defendants in the FAC whom Plaintiff has not previously served.

The Court turns to Plaintiff's request for limited discovery. Under Ninth Circuit law, "where the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir.

1980)). District courts have developed the following test to determine whether plaintiffs are entitled to limited discovery to obtain the identity of Doe defendants:

> [C]ourts examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity so that the court can determine that the defendant is a real person or entity who can be sued in federal court; (2) describes all previous steps taken to identify and locate the defendant; (3) establishes that the suit could withstand a motion to dismiss; and (4) establishes that the discovery requested is likely to lead to identifying information about the defendant that will permit service of process.

*Est. of Bartolacci by & through Bartolacci v. Cnty. of San Diego*, 2025 WL 42511, at *2 (S.D. Cal. Jan. 7, 2025) (citing *Columbia Ins. Co. v. seescandy.com,* 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)).

Here, the Court finds that Plaintiff has not made a sufficient showing under the third factor, *i.e.*, whether Plaintiff has "established[ed] to the Court's satisfaction" that her suit could withstand a motion to dismiss. *Columbia Ins. Co.*, 185 F.R.D. at 579. "Plaintiff has the burden of showing . . . that its action could survive a motion to dismiss. Therefore, Plaintiff must prove that the facts alleged—if assumed to be true—could 'plausibly give rise to an entitlement to relief.'" *Millennium TGA, Inc. v. Doe*, 2011 WL 1812786, at *2 (N.D. Cal. May 12, 2011) (citing *Columbia Ins. Co.*, 185 F.R.D. at 578-80 and quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Here, Plaintiff has not made any showing under this factor. This failure alone is sufficient to deny Plaintiff's request. *See Millennium TGA, Inc.*, 2011 WL 1812786, at *3 (denying request for early discovery to identify Doe defendants because Plaintiff failed to establish its claims could survive a motion to dismiss). Accordingly, the Court denies Plaintiff's request for limited discovery without prejudice. If Plaintiff brings a renewed motion for limited discovery, Plaintiff must fully address each of the factors for early discovery of Doe defendants as set forth above.

/ / /

/ / /

## III.    CONCLUSION

In conclusion, IT IS HEREBY ORDERED that Plaintiff's motion for administrative relief (ECF No. 20) is GRANTED IN PART and DENIED IN PART as follows:

1.    Within 14 days of this order, counsel for Dismissed Defendants shall file a statement indicating whether counsel represents Doe Parking Services Officer or any Doe defendant referenced in the FAC; and

2.    Plaintiff's request for limited discovery is denied without prejudice.

Dated:  June 4, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, bart.0160.26

5